UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANSFIELD DINKINS III,

    Plaintiff,

v.                                                 Case No. 05-70582

JENKINS CONSTRUCTION, INC.,                Honorable Julian Abele Cook, Jr.

    Defendant.

## ORDER

On February 14, 2005, the Plaintiff, Mansfield Dinkins III, filed a complaint in which he accused his employer, the Defendant, Jenkins Construction, Inc., of subjecting him to acts of wrongful discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12205. Following the entry of a default by the Clerk of the Court on June 7, 2005, this Court granted a default judgment in his favor in the amount of $450,000 nearly one year later (May 22, 2006). On September 11, 2006, Jenkins Construction filed a motion to set aside the default judgment, an issue that was assigned to Magistrate Judge Donald Scheer for his consideration. On March 15, 2007, the Court adopted the recommendation within Magistrate Judge Scheer's report and, in so doing, denied the then-pending motion by Jenkins Construction.

On April 12, 2007, Jenkins Construction filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit, seeking to obtain a reversal of the decision by this Court to

1

reject its petition to set aside the default judgment.[1] Several months later, on March 10, 2008, the Sixth Circuit Court of Appeals affirmed the order of August 6th, and, shortly thereafter, denied Jenkins Construction's petition for an en banc hearing.

Dinkins now seeks to obtain attorney fees and costs in the amount of $27,436.04, all of which he attributes to his efforts to challenge Jenkins Construction's appeal pursuant to 42 U.S.C. § 12205,[2] and are based upon the following hourly rates for his counsel; to wit, $300 for Kenneth Hardin, $250 for Teresa Gorman, and $250 Nicole Thompson, respectively. According to Dinkins, all of his counsel are experienced in employment litigation, noting that Hardin has been a practicing attorney for eighteen years, Gorman for a period of eight years, and Thompson for six years. In support of these requested hourly rates, Dinkins submits that, among other things, (1) "[t]his was a very time-consuming, intense and hard fought case," (2) his attorneys are "experienced and respected employment litigation specialists," and (3) the case has lasted over four years.

Significantly, Jenkins Construction does not challenge the basic proposition that Dinkins, as the prevailing party in this litigation, is entitled to attorney fees. Rather, it is the position of Jenkins Construction that Dinkins' suggested fees are excessive. For instance, Jenkins Construction points to an item, in which Hardin (Dinkins' attorney) claims to have worked on

---

[1]On August 6, 2007 this Court granted Dinkins' motion for the imposition of attorney fees and costs in the amount of $43,733.26, all of which are associated with the proceedings in this action that preceded the filing of the Notice of Appeal by Jenkins Construction. However, it should be noted that this award of August 6, 2007 does not have any relationship to the Dinkins' currently pending motion for attorney fees and costs which he contends are attributed to the efforts of his counsel to counter the arguments by Jenkins Construction before the Sixth Circuit Court of Appeals.

[2]The Americans with Disabilities Act states, in pertinent part, that "[i]n any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205.

documents relating to the appeal on July 6, 2007 for two hours at a rate of $300 an hour for a total of $600. Using this item as an example, Jenkins Construction urges the Court to limit the attorney fee award to $100, generally asserting that Dinkins' request "is excessive and unreasonable" without providing any further explanation as to why, in its opinion, the request is unreasonable or inappropriate. In calculating the requested attorney fees and costs, Dinkins has used the "lodestar" method which was approved by the Supreme Court in *City of Burlington v. Dague*, 505 U.S. 557, 559-60 (1992). The "lodestar" method has been defined as "'the product of reasonable hours times a reasonable rate.'" *Id.* (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). The Supreme Court also approved a method by which the district courts can explore into the hourly rates that are "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Notwithstanding this guidance, the district courts are still given the discretion to calculate and determine "a reasonable rate of compensation," *Glass v. Sec'y of Health & Human Serv.*, 822 F.2d 19, 21 (6th Cir. 1987), including that which "constitutes a reasonable hourly rate for an attorney." *Fuhr*, 364 F.3d at 762 (citations omitted).

In the absence of any meaningful counter-arguments or authorities by Jenkins Construction to the claimed experience and skill of Dinkins' counsel, or to the nature and length of this case, $300 is a reasonable hourly rate for Kenneth Hardin and $250 are reasonable hourly rates for Teresa Gorman and Nicole Thompson. Moreover, the Court finds that the identified expenditure of time by Dinkins' counsel in connection with its work in challenging the appeal by Jenkins Construction before the Sixth Circuit Court of Appeals by Dinkins' appears to be fair, reasonable and in general conformity with the prevailing standards within the Eastern District of Michigan.

3

Accordingly, the Court grants to Dinkins the total sum of $26,140.00 in attorney fees and the total sum of $1,296.04 in related litigation costs which shall be paid forthwith..

IT IS SO ORDERED.

Dated: October 7, 2008           s/ Julian Abele Cook, Jr.
       Detroit, Michigan          JULIAN ABELE COOK, JR.
                                      United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 7, 2008.

                                                                                     s/ Kay Alford
                                                                                     Case Manager